# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHELSEA BOSSENBROEK, | * | |
| | * | No. 17-122V |
| Petitioner, | * | Special Master Christian J. Moran |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Issued: April 16, 2019 |
| AND HUMAN SERVICES, | * | |
| | * | SIRVA, flu vaccine, six-month |
| Respondent. | * | requirement. |

* * * * * * * * * * * * * * * * * * * *

### RULING FINDING FACTS
### AND GRANTING ENTITLEMENT TO COMPENSATION[1]

Ms. Chelsea Bossenbroek claims that a flu vaccine she received on October 22, 2015 caused her to suffer a shoulder injury compensable under the Vaccine Act.  Petition ¶ 3.  Respondent contests Ms. Bossenbroek's claim for compensation on the basis that the evidence in the record "does not provide a reliable basis upon which to conclude that the symptoms she experienced in October 2015 continued for six months."  Resp't's Rep., filed Oct. 26, 2017, at 4-5.

To resolve the parties' dispute, the undersigned set Ms. Bossenbroek's case for a hearing.  Prior to the hearing, the undersigned sought clarification from respondent regarding his position in the case.  See order, issued Nov. 2, 2018.  In his response clarifying his position, respondent confirmed that preponderant evidence supported the claim that petitioner suffered from shoulder pain that

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  This means the ruling will be available to anyone with access to the internet.  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the ruling.

started immediately following vaccination, but that she was precluded from compensation on the basis that she did not meet the six-month severity requirement of the Act.  Resp't's Status Rep., filed Dec. 4, 2018, at 4-5 (referencing 42 U.S.C. § 300aa-11(c)(1)(D)(i)).

A one-day hearing was held in Grand Rapids, Michigan, on December 13, 2018, to resolve the dispute regarding the six-month severity requirement.  At the hearing, testimony was taken from petitioner, Ms. Chelsea Bossenbroek, and four affiants, Mr. Zachary Snyder, Ms. Greta Bossenbroek, Mr. James Bossenbroek, and Ms. Kyle Dickinson.  At the end of the hearing, the undersigned tentatively found that Ms. Bossenbroek had met her evidentiary burden of establishing that her shoulder pain lasted longer than six months.  The basis for that finding was expounded upon in an order issued on January 3, 2019.  The critical aspect of the analysis turned on the undersigned's finding that the respondent incorrectly interpreted the medical records to mean that Ms. Bossenbroek had no lingering shoulder issues as of December 15, 2015.  See order, issued Jan. 3, 2019, at 2.  In contrast with respondent's interpretation, the undersigned interpreted the records to mean that while Ms. Bossenbroek's shoulder was much improved and that while she no longer wanted to pursue out-patient physical therapy treatments, she continued to experience a small amount of continued shoulder pain / discomfort that was attributable to an underlying pathology that started immediately following the October 22, 2015 vaccination.  Id. at 2-3.

The undersigned issued the findings tentatively to allow the parties to explore informal resolution while still providing the opportunity for either party to supplement the record based on information elicited at hearing.  Id. at 3.

Since the January order finding tentative facts, the parties have indicated that settlement remains unlikely at this time.  See Pet'r's Rep., filed Mar. 22, 2019.  During a status conference held on April 9, 2019, respondent confirmed that without a ruling on entitlement, he would not be able to proceed further.  During the status conference, the parties confirmed that the evidentiary record, for the purpose of entitlement, was complete.  Accordingly, Ms. Bossenbroek's claim is ripe for adjudication.

Ms. Bossenbroek has presented preponderant evidence that she suffered a shoulder injury related to vaccine administration.  As the Secretary has conceded, Ms. Bossenbroek's shoulder pain started immediately following the administration of the vaccine on October 22, 2015.  See Resp't's Status Rep., filed Dec. 4, 2018, at 1-2.  The mechanism by which vaccination can result in injuries of this type are

clearly explained by the Secretary himself in the Qualifications and Aids to Interpretation (QAI) to the Vaccine Injury Table, promulgated by the Department of Health and Human Services.  See 82 Fed. Reg. 6303 (Jan. 19, 2017).  Ms. Bossenbroek's injury is, by all accounts, consistent with the mechanism of causation detailed in the QAI.  Cf. Portee v. Sec'y of Health & Human Servs., No. 16-1552V, 2018 WL 5284599, at *5–7, 10 (Fed. Cl. Spec. Mstr. Sept. 14, 2018) (granting compensation after analyzing petitioner's claim of compensation for SIRVA under the standards provided in the QAI).  Accordingly, Ms. Bossenbroek has presented preponderant evidence that her shoulder injury was caused-in-fact by her vaccine.

Furthermore, for the reasons explained above and in the January 5, 2019 order finding tentative facts, Ms. Bossenbroek has presented preponderant evidence that she meets the Act's six-month severity requirement.  Accordingly, Ms. Bossenbroek is entitled to compensation.

Respondent shall file a status report by **Friday, May 17, 2019**, on progress made towards resolving the damages aspect of the case.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master