# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
CHELSEA BOSSENBROEK,                   *
                                       *   No. 17-122V
             Petitioner,   *   Special Master Christian J. Moran
v.                                     *
                                       *
SECRETARY OF HEALTH                    *   Filed: June 18, 2024
AND HUMAN SERVICES,                    *
                                       *
             Respondent.   *
* * * * * * * * * * * * * * * * * * * * * * *

<u>Leah VaSahnja Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner;
<u>Mallori Browne Openchowski</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION**[1]

      On June 17, 2024, the parties filed a joint stipulation concerning the petition for compensation filed by Chelsea Bossenbroek on January 27, 2017. This stipulation is adopted as reasonable.

      Petitioner alleged that the influenza vaccine she received on or about October 22, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA"). On April 16, 2019, the undersigned issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation.[2] Petitioner was awarded compensation. <u>Decision</u>, 2020 WL 2510454, issued Apr. 3, 2020.

      Petitioner challenged the amount of compensation awarded by filing a motion for review. The Court found an error, which required remand. <u>Opinion and Order</u>, 169 Fed. Cl. 418 (2024).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

[2] In the joint stipulation, Respondent maintains his contrary position, but will not seek review of the decision memorializing entitlement.

Upon remand, the parties resolved the remaining disputes.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

The parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $66,209.30 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[3]  The clerk is further directed to inform the Court about this decision.  See Vaccine Rule 28.1(a).

**IT IS SO ORDERED**.

>    s/Christian J. Moran
>    Christian J. Moran
>    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHELSEA BOSSENBROEK,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 17-122V<br>Special Master Moran |

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Chelsea Bossenbroek, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about October 22, 2015.

3. The vaccine was administered within the United States.

4. On April 16, 2019, the Special Master issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation for a left-sided shoulder injury related to vaccine administration ("SIRVA"). Respondent continues to maintain his contrary position, but will not seek review of the Special Master's determination of entitlement upon its memorialization as a reviewable decision.

5. The parties now agree that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

7. The parties now agree that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $66,209.30, in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 22, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about January 27, 2017 in the United States Court of Federal Claims as petition No. 17-122V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury; however, petitioner has satisfied the Table criteria to establish entitlement to compensation for her SIRVA.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_____
CHELSEA BOSSENBROEK

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
LEAH V. DURANT
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street, NW
Suite 900
Washington, D.C. 20006
(202) 775-9200
ldurant@durantllc.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.06.06 16:34:50 -04'00'
_____ for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Mallori B Openchowski
by Heather L Pearlman
_____
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0660
mallori.b.openchowski@usdoj.gov

Dated: 06/17/2024