# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * *
CHELSEA BOSSENBROEK,             *
                                 *
                                 *   No. 17-122V
            Petitioner,          *   Special Master Christian J. Moran
                                 *
v.                               *   Filed: August 26, 2025
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * * * * * * * *
```

Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC for petitioner;
Mallory Browne Openchowski, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Chelsea Bossenbroek's motion for final attorneys' fees and costs. She is awarded a total of $162,321.99.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I.     Procedural History

Ms. Chelsea Bossenbroek claimed that a flu vaccine she received on October 22, 2015, caused her to suffer a shoulder injury compensable under the Vaccine Act. Petition ("Pet.) ¶ 3, filed Jan. 27, 2017. Following a ruling on entitlement, the parties were unable to agree to an amount of compensation for petitioner's damages, and on April 3, 2020, a decision was issued awarding Ms. Bossenbroek $62,901.49 in damages, comprised of past and future pain and suffering and unreimbursed expenses. 2020 WL 2510454.

On May 4, 2020, Ms. Bossenbroek challenged this determination by filing a motion for review. On January 10, 2024, the motion for review was granted-in-part and denied-in-part, and remanded to the Special Master for further proceedings. Bossenbroek v. Sec'y of Health & Human Servs., 169 Fed. Cl. 418 (2024). On June 17, 2024, the parties filed a joint stipulation, which the undersigned adopted as his decision on June 18, 2024. 2024 WL 3358245. Petitioner was awarded $66,209.30 in damages. Id.

On December 18, 2024, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $172,433.40 and attorneys' costs of $9,131.93. Fees App. at 2. Petitioner warrants that she personally did not incur any costs related to the prosecution of this case. Id. at 2. On January 2, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner filed a reply on January 6, 2025.

## II.    Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

2

process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

       1.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). However, in this case, all the attorneys' work was done primarily in-forum.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leah Durant, $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $441.00 per hour for work performed in 2022, $463.00 per hour for work performed in 2023, and $486.00 per hour for work performed in 2024; for Mr. Mike Milmoe, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022; $553.00 per hour for work performed in 2023, and $584.00 per hour for work performed in 2024; for Ms. Summer Abel, $260.00 per hour for work performed in 2020; for Mr. Glenn MacLeod, $509.00 per hour for work performed in 2021; and for Mr. Richard Amada, $463.00 per hour for work performed in 2024. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Larson v. Sec'y of Health & Human Servs., No. 19-462V, 2025 WL 1011101, at *1-2 (Fed. Cl. Spec. Mstr. Feb. 26, 2025).

3

Rance v. Sec'y of Health & Human Servs., No. 18-222V, 2024 WL 5154816, at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2024).

### 2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

First, there is a general issue of vagueness throughout many of the descriptions of work. Examples include the following billing entries: on March 9, 2018, Ms. Durant billed 1.0 hour to "Review client file. Evaluate medical evidence. Review and prepare client affidavit." Fees App. Ex. 1 at 3. On January 22, 2018, Ms. Durant billed 2.0 hours to "Evaluate evidence. Client meeting. Devise legal strategy." Id. at 4. Such vague entries do not adequately describe how Ms. Durant expended her time. It would be helpful if the billing entries provided some indication as to the nature of what Ms. Durant was reviewing in order for the undersigned to determine whether the one hour or two hours billed, respectively, was a reasonable amount of time to expend on that review.

The issue of vagueness also extends to entries for communication with petitioner. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., multiple entries billed for "client call" or "contact client") making it difficult for the undersigned to determine whether such communication was necessary and reasonable. See Fees App. Ex. 1, generally.

Additionally, petitioner's counsel billed for some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as

4

employing a secretary.  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced.  However, a general principle to differentiate them is somewhat elusive.  To qualify as a paralegal, a person needs special training and experience.  See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, both paralegals and attorneys billed for clerical activities.  For example, preparing evidence for filing, filing medical records, drafting and filing basic documents like a Notice of Filing or Statement of Completion, and delivering copies of exhibits. See e.g., Fees App. Ex. 1 at 2-4, 6-9, 12, 15-16, 19, 23. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents, are essential. However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead.  See Pickens v. Sec'y of Health & Hum. Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed").

Here, a problem in reviewing some of the billing entries is that the time entries have blended some compensable activities and some non-compensable activities. This further highlights an additional issue present in this case, which is block billing. For example, on February 3, 2020, Mr. Milmoe billed 9.5 hours to "Review evidence to date (complete). Prepare and participate in teleconference with economist (Bob Cook). Draft memorandum to file. Review research/begin initial brief draft." Fees App. Ex. 1 at 16-17. And the next day on February 4, 2020, Mr. Milmoe billed 10.5 hours to "Coordinate with economist. Forward evidence (substantial) for economist's review. Evaluate damages. Draft damages brief." Id. at 7. Although many of these activities may be related such that one activity naturally flows into the next throughout the course of an attorney's workday, such billing practices make it difficult to assess the reasonableness of the time expended.

This is not the first time the undersigned or other special masters have noted these particular issues concerning Ms. Durant's billing practices. See, e.g. Davis v. Sec'y of Health & Human Servs., No. 16-276V, 2025 WL 1453258, at *2 (Fed. Cl. Spec. Mstr. Apr. 3, 2025); Rance v. Sec'y of Health & Human Servs., No. 18-222V, 2024 WL 5154816, at *3 (Fed. Cl. Spec. Mstr. Nov. 22, 2024) Garcia v. Sec'y of Health & Human Servs., No. 18-438V, 2024 WL 1069904, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 17, 2024). Accordingly, the undersigned finds that a ten percent reduction to the attorneys' fees is necessary to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). This results in a reduction of $17,243.34. Petitioner is therefore awarded final attorneys' fees of $155,190.06.

### B.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $9,131.93 in attorneys' costs. This amount is for acquisition of medical records, professional review of those records, the Court's filing fee, process server fees, postage, expenses related to the hearing, including airfare, lodging, ground transportation, parking, food, and the hearing transcript, and work performed by economist, Robert Cook, PhD. Fees App. Ex. 2 at 2.

Dr. Cook billed eight hours of work performed in 2020, at $550.00 per hour for a total request of $4,400.00. Dr. Cook's requested rate exceeds what he has been previously awarded for similar work. Dr. Cook has been consistently awarded $300.00 per hour for his work in the Vaccine Program. See, e.g., Bunch v. Sec'y of Health & Human Servs., No. 20-586V, 2025 WL 2409902, at *4 (Fed. Cl. Spec. Mstr. July 14, 2025); Malcolm v. Sec'y of Health & Human Servs., No. 19-1571V, 2024 WL 4866807, at *2 (Fed. Cl. Spec. Mstr. Aug. 14, 2024); Castillo v. Sec'y of Health & Human Servs., No. 18-115V, 2024 WL 4866720, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 2024); Reinhardt v. Sec'y of Health & Human Servs., No. 17-1257V, 2023 WL 7221463, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2023). Accordingly, the undersigned reduces Dr. Cook's rate from $550.00 to $300.00 per hour for the economist services he provided in this case. This results in a reduction of $2,000.00.[2]

---

[2] This amount is calculated as: ($550.00 - $300.00) x 8 hours = $2,000.00

The remainder of the costs are typical of Vaccine Program litigation and have all been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $7,131.93.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$162,321.99** (representing $155,190.06 in attorneys' fees and $7,131.93 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.